STATE OF CONNECTICUT *v.* FELIX VALENTIN
(AC 27187)

Bishop, Harper and Foti, Js.

Argued October 18—officially released December 11, 2007

*Arthur L. Ledford,* special public defender, for the appellant (defendant).

*Igor J. Kuperman,* certified legal intern, with whom were *Bruce R. Lockwood,* assistant state's attorney, and, on the brief, *Scott J. Murphy,* state's attorney, and *Brett*

*J. Salafia*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Felix Valentin, appeals from the judgment of conviction, following a jury trial, of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (1), breach of the peace in the second degree in violation of General Statutes § 53a-181 (a) (1), criminal trespass in the first degree in violation of General Statutes § 53a-107 (a) (1) and interfering with an officer in violation of General Statutes § 53a-167a (a). On appeal, the defendant claims that the trial court improperly (1) failed to instruct the jury on self-defense for the charge of attempt to commit assault in the first degree and (2) instructed the jury on the definition of reasonable doubt. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the evening of December 4, 2004, the defendant, who was intoxicated, refused to pay the required cover charge and was refused entry to the El Pegadito night club in New Britain. He became belligerent and had to be escorted to the sidewalk by Raymond Perez, a bouncer at the club.

The defendant returned to the club shortly thereafter. At this point, the defendant was armed with a knife and swung it twice at Perez' midsection. The defendant was restrained by Perez and another person until the police arrived. When the police arrived, the defendant was still holding the knife. The officer who responded to the scene fired his Taser gun into the defendant's back several times after the defendant refused to drop the knife.

On August 2, 2005, after a jury trial, the jury found the defendant guilty on all four counts. On September

29, 2005, the court sentenced the defendant to a total effective term of fifteen years of imprisonment, execution suspended after serving the five year mandatory minimum, and five years of probation. This appeal followed.

I

The defendant first claims that the court improperly failed to instruct the jury on self-defense with regard to the charge of attempt to commit assault in the first degree. We decline to review this claim.

The following additional facts and procedural history are necessary for our resolution of this issue. At trial, the defendant testified that he did not initiate the incident and that Perez struck him first with a metal detector wand. The defendant testified that when he fought back, he and Perez fell to the floor, where the defendant found and picked up a knife. The defendant denied swinging the knife at Perez. Instead, he claimed that other people jumped on him and that he was unconscious when the police arrived.

After all the evidence had been presented, a charging conference took place in chambers.[1] A draft of the proposed charge was furnished to the parties by the court, and the court indicated on the record that it determined that a legitimate self-defense claim applied to the breach of the peace count but not to the charge of attempt to commit assault in the first degree, "given the testimony of the accused as to the events that had occurred on the morning of December 4, 2004." Defense counsel was asked whether he had any objection to the court's charging on self-defense in that manner, and defense counsel replied, "No, Your Honor." The defendant acknowledges that he failed to file a written request

---

[1] The record is silent as to what occurred during the chambers conference, and we are not free to speculate as to what occurred therein.

for any jury charge and that he declined to object to the jury charge when asked by the court on two separate occasions.[2] Although the record reflects that the court discussed such an instruction with the parties, there is no evidence in the record from which to conclude that the defendant requested such an instruction. Because the claim was not preserved, the defendant seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3]

"To implicate a constitutional right, the defendant [must] assert a claim of self-defense and present evidence to warrant a jury instruction on the defense." *State* v. *Solomon*, 103 Conn. App. 530, 535, 930 A.2d 716 (2007). Because the defendant did neither in the present case, he has failed to demonstrate that his claim implicates a constitutional right. The defendant did not request an instruction on self-defense pursuant to Practice Book §§ 42-16 through 42-18, did not object to the instruction given and did not present sufficient evidence to justify such an instruction with respect to the charge of attempt to commit assault in the first degree. We therefore conclude that this claim is not of constitutional magnitude and decline to afford it further review.

[2] The defendant makes no claim that the court had a sua sponte duty to instruct the jury on self-defense for the charge of attempt to commit assault in the first degree. During oral argument, the defendant specifically disavowed any such claim.

[3] To prevail on appeal on a constitutional claim that was not preserved adequately at trial, a defendant must meet all of the following conditions: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. "[W]e remain free to dispose of the claim by focusing on whichever condition is most relevant in the particular circumstances." (Internal quotation marks omitted.) *State* v. *Stanley*, 223 Conn. 674, 689, 613 A.2d 788 (1992).

## II

The defendant also claims that the court's jury instruction regarding reasonable doubt was improper.[4] Specifically, the defendant claims that by using the words "sufficient evidence" rather than "proof," the court delivered a "watered down version" of the reasonable doubt standard. He further alleges that the court's use of the language, "strong and abiding conviction," in defining reasonable doubt, was unconstitutional because it "water[ed] down" the definition. The defendant did not preserve this issue and now seeks to prevail under *State* v. *Golding,* supra, 213 Conn. 239–40.

Our Supreme Court has determined that "whether a jury instruction is improper is gauged by considering the instruction in its entirety, and with reference to the facts and evidence in the case, so as to determine whether it fairly presented the case to the jury in that no injustice was done under established legal rules." *State* v. *Munoz,* 233 Conn. 106, 120, 659 A.2d 683 (1995). "[A]s to unpreserved claims of constitutional error in jury instructions, we have stated that under the third prong of *Golding,* [a] defendant may prevail . . . only if . . . it is reasonably possible that the jury was misled . . . ." (Internal quotation marks omitted.) *State* v. *Lawrence,* 282 Conn. 141, 179, 920 A.2d 236 (2007).

On the basis of our review of the charge in its entirety, we conclude that it was not reasonably possible that the court's instructions misled the jury. This court and our Supreme Court have upheld instructional language similar to or identical to the language used by the court in the present case. See, e.g., *State* v. *Ross,* 230 Conn. 183, 221, 646 A.2d 1318 (1994) (" 'proof which leaves you

---

[4] While charging the jury, the court stated that "[t]he burden of proving the accused's guilt beyond a reasonable doubt requires the state to produce sufficient evidence to create in your minds a strong and abiding conviction of his guilt."

with a strong and abiding conviction that the accused is guilty of the crimes with which he has been charged' "), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995); *State* v. *Dubose*, 75 Conn. App. 163, 167, 815 A.2d 213 (" 'sufficient evidence to create in your minds a strong and abiding conviction of the guilt of the defendant' "), cert. denied, 263 Conn. 909, 819 A.2d 841 (2003); *State* v. *Iovieno*, 14 Conn. App. 710, 726 n.9, 543 A.2d 766 (" 'proof by sufficient evidence to overcome the presumption of innocence on his part' "), cert. denied, 209 Conn. 805, 548 A.2d 440 (1988). We conclude that the defendant's claim fails to satisfy the third prong of *State* v. *Golding*, supra, 213 Conn. 239–40, because it fails to establish that a constitutional violation clearly existed and clearly deprived the defendant of a fair trial.

The judgment is affirmed.

In this opinion the other judges concurred.